940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Prince WINT, Defendant-Appellant.
 No. 90-3100.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Prince Wint, appeals from his convictions of distribution of cocaine in violation of 21 U.S.C. Sec. 841; conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846; conducting a continuing criminal enterprise (CCE) in violation of 21 U.S.C. Sec. 848; 48 counts of use of a communications facility in the commission of a felony in violation of 21 U.S.C. Sec. 843; and possession of a firearm by a felon, in violation of 18 U.S.C. Sec. 922. Defendant was sentenced to 360 months' imprisonment, followed by eight years' supervised release, and ordered to pay a $3,250 fine.
 
 
 2
 Defendant assigns as error (1) his trial counsel's failure to order a transcript to accompany his Anders[1] brief, the sufficiency of the evidence as to (2) the use of a communications facility counts and (3) the CCE count, (4) his sentencing to eight years' supervised release, (5) the calculation of his base sentencing level, (6) the failure to instruct the jury that it must reach unanimous agreement on the predicate offenses of the CCE count, and (7) his conviction on both CCE and the predicate offenses (on double jeopardy grounds).
 
 
 3
 The errors of defendant's trial counsel in submitting the Anders brief are not material here, since new counsel was subsequently appointed to represent defendant on appeal. The authorities upon which defendant relies, Anders v. California, 386 U.S. 738 (1967), and Penson v. Ohio, 488 U.S. 75 (1988), are not to the contrary. Both Anders and Penson deal with the requirement that if defendants' trial counsel wish to withdraw from representation at the appellate level, counsel must file a statement drawing the appellate court's attention to "anything in the record that might arguably support the appeal." In Penson, the Supreme Court emphasized that the purpose of the "Anders brief" is merely to aid the court of appeals in making the determination whether the case is frivolous for purposes of deciding if defendants' trial counsel will be permitted to withdraw and appellate counsel appointed. Id. at 82. If it is determined that the appeal has merit, counsel is appointed, and the normal briefing process ensues. Id. at 83-84. Here, trial counsel's Anders brief resulted in the appointment of new counsel to represent defendant. Any error in the preparation of the brief is therefore harmless, as the outcome was favorable from defendant's point of view. Since defendant's trial counsel has been permitted to withdraw, the responsibility for bringing to the court's attention material portions of the record for purposes of the appeal now rests with defendant's appellate counsel.
 
 
 4
 Our review of the sufficiency of the evidence supporting a conviction inquires "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The 48 counts of use of a communications facility in the commission of a felony, 21 U.S.C. Sec. 843, were each adequately supported by a tape-recording of the conversation or a Western Union Moneygram (or both).
 
 
 5
 Defendant also asserts that insufficient evidence was offered to support the CCE count due to the lack of evidence on the element of "substantial income." 21 U.S.C. Sec. 848.[2] Although Wint concedes that he transmitted large sums of money by Western Union for cocaine purchases, he asserts that he "was charged with perhaps owning [$]54,000 of that sum." One court of appeals has held that as little as $2,000 may be substantial income. United States v. Casamento, 887 F.2d 1141, 1159 (2d Cir.1989) cert. denied, --- U.S. ----, 110 S.Ct. 1138 (1990) (quoting United States v. Losada, 674 F.2d 167, 173 (2d Cir.), cert. denied, 457 U.S. 1125 (1982)). Moreover, proof that the defendant made drug purchases involving large volumes of cash is sufficient evidence of substantial income for purposes of 21 U.S.C. Sec. 848. United States v. Zavala, 839 F.2d 523 (9th Cir.), cert. denied, 488 U.S. 831 (1988); United States v. Bolts, 558 F.2d 316 (5th Cir.), cert. denied, 434 U.S. 930 (1977). Here, there was proof that the defendant made drug purchases in the amount of at least $113,800.
 
 
 6
 The third assignment of error is the sentencing of defendant to eight years' supervised release time. Defendant relies upon the limitations set forth in 18 U.S.C. section 3583(b), which provides for supervised release time, by class of felonies, amounting to no more than five years.[3] However, subsection 3583(b), which provides general guidelines for release time, is not the controlling provision. As the prosecution points out, the subsection begins with the words "Except as otherwise provided...." Wint was appropriately sentenced to eight years' supervised release on the basis of the specific directive of 21 U.S.C. section 841, pursuant to which he was convicted of distribution of cocaine and possession with intent to distribute cocaine, because of a prior drug offense appearing on his criminal record.[4]
 
 
 7
 Various matters connected with the sentencing are assigned as error. The counts upon which defendant was convicted were appropriately "grouped" for purposes of sentencing, pursuant to Sentencing Guideline section 3D1.2(b). United States Sentencing Commission, Guidelines Manual, Sec. 3D1.2 (Nov. 1990). Section 3D1.3(a) requires that the sentence imposed for such a group of counts shall be the single most severe sentence which would have resulted from any one of the counts. U.S.S.G. Sec. 3D1.3(a). The most serious possible sentence among the counts for which defendant was convicted was the sentence for the conspiracy count, and defendant's sentencing was accordingly calculated based upon the Guidelines pertaining to conspiracy.
 
 
 8
 The defendant correctly argues that his conviction on the conspiracy count must be vacated because it is a lesser included offense of the CCE count. United States v. Paulino, Nos. 90-5090-94 (6th Cir. June 3, 1991), slip op. at 16-17. We must therefore vacate the sentence and remand for resentencing because the Guidelines upon which defendant's sentence was predicated were those pertaining to conspiracy. Defendant's assertions of error in calculating his sentence pursuant to the Guidelines for conspiracy need not be addressed, since the conspiracy Guidelines will not be material to his resentencing.
 
 
 9
 Defendant contends that he was sentenced for two prior criminal convictions when he had only one. While the presentence report's description of the defendant's prior criminal history is ambiguous as to whether he was previously convicted of one or two counts,[5] defendant received only a three-point enhancement. A three-point enhancement is appropriate for a single prior conviction, U.S.S.G. Sec. 4A1.1(a), therefore defendant's argument is based upon a flawed premise.
 
 
 10
 The jury instructions on the CCE count are assigned as error on grounds that the jury should have been instructed to reach unanimous agreement on the factual bases for the predicate counts.[6] No objection to the jury instructions was made on this ground at trial. As we observed in United States v. Hook, 781 F.2d 1166, (6th Cir.), cert. denied, 479 U.s. 882 (1986), "[o]bjections to jury instructions are necessary to afford the trial judge the opportunity to correct mistakes in his charge." Id. at 1172 n. 8. In the absence of an objection, we may reverse based upon mistakes in the instructions only if plain error is shown:
 
 
 11
 The Supreme Court and numerous federal courts have repeatedly stated that the plain error doctrine is to be used sparingly, only in exceptional circumstances, and solely to avoid a miscarriage of justice. Recourse may be had to the doctrine "only on appeal from a trial infected with error so 'plain' the trial judge and prosecutor were derelict in countenancing it." Moreover, an improper jury instruction will rarely justify reversal of a criminal conviction when no objection has been made at trial, and an omitted or incomplete instruction is even less likely to justify reversal, since such an instruction is not as prejudicial as a misstatement of the law.
 
 
 12
 Id. at 1172-73 (citations omitted); United States v. Busacca, 863 F.2d 433, 435 (6th Cir.1988), cert. denied, 490 U.S. 1005 (1989).
 
 
 13
 This case is distinguishable from the Third Circuit's decisions in United States v. Echeverri, 854 F.2d 638 (3d Cir.1988), and United States v. Beros, 833 F.2d 455 (3d Cir.1987), upon which defendant relies. In those cases, evidence was presented which provided the jury with a plethora of possible criminal acts, from which individual jurors could have devised innumerable combinations of predicate activities. In this case, the proof was narrowly tailored to each of the counts for which defendant was convicted. Wint was not acquitted on any of the counts, making it unlikely that individual jurors might have had differing opinions as to which of Wint's activities amounted to predicate acts. The dangers presented by the situations at issue in Echeverri and Beros are not apparent on the facts of this case.
 
 
 14
 Moreover, in United States v. Anderson, 859 F.2d 1171, 1176 (3d Cir.1988), the same court of appeals refused in similar circumstances to find plain error when no objection had been made, stating:
 
 
 15
 The jury unanimously found Anderson guilty of three counts of distribution of heroin and one count of conspiracy to possess with intent to distribute heroin and cocaine in addition to the continuing criminal enterprise count. In such a circumstance it is impossible to conclude that the jury may not have been in unanimous agreement that Anderson was guilty of three underlying drug crimes. Thus, it cannot be said that the district judge's error in any way prejudiced the jury's deliberations or resulted in manifest injustice.
 
 
 16
 Several other courts of appeals have refused to find error in instructions against which analogous arguments have been made. In United States v. Becton, 751 F.2d 250 (8th Cir.1984), cert. denied, 472 U.S. 1018 (1985), the Eighth Circuit upheld CCE instructions challenged on the ground that they failed to specify predicate crimes that the defendant had committed. In United States v. Tarvers, 833 F.2d 1068 (1st Cir.1987), the First Circuit upheld an instruction which specifically stated that the jury did not have to unanimously agree on the five individuals over whom the defendant had supervisory authority pursuant to the statute. See also United States v. Curry, 902 F.2d 912 (11th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 588 (1990) (upholding jury instructions challenged on grounds that the jury was not instructed to reach unanimous agreement on the identities of the five subordinates). We conclude that no plain error was committed by the trial court here.
 
 
 17
 Lastly, defendant asserts that "Congress did not intend to punish violations for both [CCE] and the predicate offenses, and, further, [defendant] was deprived of his constitutional right against double jeopardy" by conviction on both the CCE count and the predicate offenses. The Supreme Court squarely addressed these contentions and decided them adversely to defendant in Garrett v. United States, 471 U.S. 773 (1985). Contrary to defendant's assertions, the Court directly addressed the intent of Congress, concluding that "Congress intended separate punishments for the underlying substantive predicates and for the CCE offense." Id. at 795. There is no room in the language of this conclusion for the distinction defendant seeks to draw between the particular predicate offense at issue in Garrett, and those at issue here. In addition, the reasoning of Garrett as to the predicate offense at issue in that case, that CCE's requirement of continuing violations distinguishes it for double jeopardy purposes from the underlying offense, id. at 786, applies equally to the predicate offenses at issue here--distribution, possession with intent to distribute, and use of a communications facility in the commission of a felony.
 
 
 18
 We VACATE the conspiracy conviction and sentence, and REMAND for resentencing in accordance with this opinion.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Anders v. California, 386 U.S. 738 (1967)
 
 
 [2]
 21 U.S.C. Sec. 848(c) reads as follows:
 "Continuing criminal enterprise" defined. For purposes of subsection (a), a person is engaged in a continuing criminal enterprise if--
 (1) he violates any provision of this title or title III the punishment for which is a felony,
 and
 (2) such violation is a part of a continuing series of violations of this title or title III--
 (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
 (B) from which such person obtains substantial income or resources.
 
 
 [3]
 18 U.S.C. Sec. 3583(b) reads as follows:
 (b) Authorized terms of supervised release. Except as otherwise provided, the authorized terms of supervised release are--
 (1) for a Class A or Class B felony, not more than five years;
 (2) for a Class C or Class D felony, not more than three years; and
 (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.
 
 
 [4]
 The statute provides, in pertinent part:
 Any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.
 21 U.S.C. Sec. 841(b)(1)(B).
 
 
 [5]
 The presentence report states that Wint was previously convicted of "Possession of Cocaine and Delivery of Cocaine."
 
 
 [6]
 See supra n. 2