69 F.3d 531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Don SANDOVAL, Defendant, Appellant.
 No. 95-1326.
 United States Court of Appeals, First Circuit.
 Nov. 7, 1995.
 
 Don Sandoval on brief pro se.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Gerard B. Sullivan, Assistant United States Attorneys, on brief for appellee.
 Before Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Don Sandoval appeals from the sentence the district court imposed on him following the revocation of a term of supervised release. The court sentenced defendant to both a term of imprisonment and a term of supervised release.
 
 
 2
 Defendant first argues that the supervised release revocation provision, 18 U.S.C. Sec. 3583(e)(3), does not permit the imposition of a term of supervised release and a term of imprisonment. We rejected this precise argument in United States v. O'Neil, 11 F.3d 292 (1st Cir.1993), and re-affirmed our position in United States v. LaPlante, 28 F.3d 1 (1st Cir.1994) (per curiam), cert. denied, 115 S.Ct. 910 (1995). Defendant has not presented any persuasive reasons why we should change this recent statement of the law.
 
 
 3
 Defendant's second argument on appeal is that the district court violated the prohibition of the ex post facto clause by applying Sec. 3583(h) to him. This section was added in 1994. It specifically provides that when revoking a term of supervised release under subsection (e)(3), a district court may include a requirement of supervised release after imprisonment.
 
 
 4
 To fall within the ex post facto prohibition, the new law "must disadvantage the offender affected by it." Miller v. Florida, 482 U.S. 423, 430 (1987) (internal quotations and citation omitted). Assuming the district court used subsection (h), defendant was not disadvantaged. In O'Neil, we already had construed subsection (e)(3) to permit what subsection (h) now grants expressly. Cf. United States v. Hartman, 57 F.3d 670, 671 (8th Cir.1995) (per curiam) (the legislative history of subsection (h) shows that subsection(e)(3) permits both incarceration and supervised release).
 
 
 5
 Based on the foregoing, the judgment of the district court is affirmed.