95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Francis HANLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1992.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: BROWN, MARTIN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a motion to vacate, modify or reduce a sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Robert Francis Hanley pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d). The court sentenced Hanley to a 78 month term of imprisonment followed by a five year period of supervised release. A panel of this court affirmed Hanley's conviction and sentence in all respects on direct appeal. United States v. Hanley, 906 F.2d 1116 (6th Cir.), cert. denied, 498 U.S. 945 (1990).
 
 
 3
 In 1991, Hanley filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in which he challenged the validity of both his conviction and sentence. A panel of this court subsequently affirmed the district court's judgment denying the motion. Hanley v. United States, No. 92-1097, 1992 WL 133063 (6th Cir. June 16, 1992).
 
 
 4
 Hanley was released from custody on supervised release in October 1994. He was apprehended one month later, his supervised release was revoked and he received a new 12 month term of incarceration to be followed by a four year term of supervised release. Hanley did not take a direct appeal from this adjudication.
 
 
 5
 In April 1995, Hanley filed a § 2255 motion to vacate in which he contested the constitutionality of the four year period of supervised release imposed for his violation of the conditions of his original supervised release. The government responded and the district court entered an order denying the motion. This appeal followed. The parties have briefed the issues; Hanley is proceeding without benefit of counsel.
 
 
 6
 Hanley was convicted for the underlying bank robbery in 1989. The state of the relevant law (18 U.S.C. § 3583) was uncertain at the time of his conviction as to whether a court could punish a violation of supervised release by imposition of another term of supervised release in addition to a period of incarceration. This dispute was resolved in United States v. Truss, 4 F.3d 437 (6th Cir.1993) when this court found such a procedure was not allowed under the statute.
 
 
 7
 The law was changed, however, after Hanley's incarceration and just prior to his release from his original incarceration. The Violent Crime Control and Law Enforcement Act of 1994 went into effect on September 13, 1994. Section 110505 of the Act amended 18 U.S.C. § 3583, in part, by adding subsection h, "Supervised Release Following Revocation." Subsection h provides:
 
 
 8
 When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.
 
 
 9
 Hanley was released on supervised release for his original bank robbery conviction on October 7, 1994. The district court revoked Hanley's supervised release approximately one month later on November 10, 1994. The court sentenced Hanley to an additional 12 month term of imprisonment for violating the terms of his release to be followed by a new four year term of supervised release.
 
 
 10
 Hanley brought the present § 2255 action to challenge the district court's authority to impose the four year term of supervised release; Hanley does not dispute the propriety of the revocation itself or the 12 month term of imprisonment. Hanley contends that, either under the direct authority of the Ex Post Facto Clause or this court's decision in Truss, his release revocation must be punished according to the law as it existed at the time of his bank robbery conviction. The district court rejected this argument. The court properly noted that Truss had no bearing on the case as the amendment to § 3583 became effective "nearly two months prior to the Court's imposition of the additional term of supervised release on November 10, 1994." The court also concluded that no ex post facto considerations were extant.
 
 
 11
 An examination of the record and law reflects that the district court did not err in denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 12
 A decision of this court, rendered after the district court's judgment on appeal, firmly establishes the meritless nature of Hanley's motion to vacate. In United States v. Reese, 71 F.3d 582 (6th Cir.1995), a defendant brought an ex post facto challenge when he was given a mandatory minimum sentence for a supervised release violation pursuant to a statutory amendment enacted after the defendant's original conviction. The panel initially noted that, under the current scheme, punishment for violation of supervised release is distinct from the punishment imposed for the underlying criminal act. Therefore, there are no ex post facto concerns that arise automatically from a change in legislation concerning the punishment for a violation of supervised release. The panel ultimately concluded that the critical inquiry in this situation was whether the law being challenged changed the legal consequences of acts completed before its effective date. Id. at 590.
 
 
 13
 In the case at bar, it is clear that the law under challenge was amended after the Truss decision and the amendment did not change the legal consequences of Hanley's original act of armed bank robbery. Subsection h went into effect approximately one month before Hanley's original period of supervised release began. Hanley was thus on notice of the possible consequences attending violation of his release, consequences that were distinct from the punishment meted out for his armed bank robbery. This appeal lacks merit.
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.