UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas PAGE, Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Daryl FULLUM, Defendant–Appellant.

Nos. 96–4329, 96–4345.

United States Court of Appeals,
Sixth Circuit.

Argued June 2, 1997.

Decided Dec. 2, 1997.

Steven S. Nolder (argued and briefed), Federal Public Defender's office, Columbus, OH, for Defendants–Appellants.

David J. Bosley (argued and briefed), Office of the U.S. Attorney, Columbus, OH, for Plaintiff–Appellee.

Before: MERRITT, CONTIE and SUHRHEINRICH, Circuit Judges.

CONTIE, J., delivered the opinion of the court, in which SUHRHEINRICH, J., joined. MERRITT, J. (pp. 1181–1185), delivered a separate opinion concurring in part and dissenting in part.

## OPINION

CONTIE, Circuit Judge.

Defendants-appellants, Thomas Page and Daryl Fullum, appeal the district court's imposition of a subsequent term of supervised release as part of their sentences for violating the conditions of their original terms of

supervised release. Both defendants pled guilty to distribution of cocaine and were sentenced to a term of imprisonment to be followed by a term of supervised release. After serving their prison terms, they were released from incarceration and began serving their terms of supervised release. Both defendants Page and Fullum then violated the conditions of their supervised release. The United States petitioned that their supervised release be revoked due to the violations, and the district court granted the petitions. Fullum was sentenced to eight months' imprisonment for violating the conditions of his supervised release to be followed by the remaining portion of his original five-year term of supervised release. Page was sentenced to six months' imprisonment to be followed by the remaining portion of his original three-year term of supervised release. Defendants agree that the district court had the authority to revoke their supervised release and to sentence them to jail for violating the conditions of their supervised release pursuant to 18 U.S.C. § 3583(e)(3). However, they contend that after their release from prison, the imposition of the remainder of their terms of supervised release pursuant to 18 U.S.C. § 3583(h) violates the Ex Post Facto Clause because § 3583(h) was passed after they were initially sentenced for their drug offenses, and it increases their punishment. Defendant Fullum raises two additional arguments: (1) that the district court in its initial sentence incorrectly classified his offense as a Class B rather than as a Class C felony; and (2) that his term of supervised release must be reduced from five years to three years due to the error in the classification of his offense.

## I. *Ex Post Facto Argument*

■ This consolidated appeal arises because Congress recently amended several statutes governing supervised release that alter previous law. The first statute at issue is 18 U.S.C. § 3583(h); the amendment, subsection (h), enables a district court to reinstate the remainder of the original term of supervised release as part of the sentence imposed after a defendant has violated the conditions of his original term of supervised release and has been imprisoned for the violations. Prior to being amended by subsection h, the statute stated that the court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release...." 18 U.S.C. § 3583(e)(3). This court interpreted the language of the prior statute in *United States v. Truss*, 4 F.3d 437 (6th Cir.1993), and held that although section 3583(e)(3) permitted the court to impose imprisonment after revoking a term of supervised release, it did not permit the court to impose a subsequent term of supervised release after the term of imprisonment had been served. Thus, under prior case law in this circuit, although defendants could have been imprisoned for violating the conditions of their supervised release, no subsequent term of supervised release could have been imposed after their prison term ended.

On September 13, 1994, Congress, in effect, superseded this court's opinion in *United States v. Truss* by enacting section 3583(h), which explicitly states that the remainder of the original term of supervised release may be reinstated after imprisonment for violating the conditions of supervised release.[1] Therefore, in the present case, after defendants violated the conditions of their supervised release, the district court acted accordingly and pursuant to section 3583(h) did the following. The district court found that defendant Fullum had violated the conditions of his supervised release and imposed a sentence of imprisonment for eight months. The court's order then stated: "It is further ordered that following defendant's term of incarceration, defendant will be

---

1. The amendment states:

    When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under section (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

placed on supervised release, said term of supervised release to expire on February 24, 1999, that being the expiration date of defendant's original term of supervised release." Likewise, the district court revoked defendant Page's term of supervised release and sentenced him to six months imprisonment. The order then stated: "Following defendant's term of incarceration, defendant will be placed on supervised release, said term of supervised release to expire on June 1, 1998, that being the expiration date for defendant's original term for supervised release." Thus, after defendants Fullum and Page complete their prison sentences for violating the conditions of their supervised release, the remaining portions of their original terms of supervised release will be reinstated with credit for the time spent in prison in accordance with 18 U.S.C. § 3583(h).

Defendants argue that the Ex Post Facto Clause of the Constitution prohibits the application of section' 3583(h) to them because the amendment was passed on September 13, 1994, which was after the date on which they had been sentenced for their original crimes. They argue that this court's opinion in *Truss* was the law in effect in this circuit at the time of sentencing, and *Truss* did not interpret the prior statute to allow the imposition of a subsequent term of supervised release in their situation. They argue that because section 3583(h) imposes a harsher punishment than the law in effect at the time of their original sentencing, it violates the Ex Post Facto Clause.

█ The purpose of the Ex Post Facto prohibition is "to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). To fall within the prohibition of the Ex Post Facto Clause, a law must: (1) apply to events occurring before its enactment, and (2) disadvantage the offender. *Id.* at 29, 101 S.Ct. at 964. The change in the law must "alter[ ] the definition of criminal

conduct or increase[ ] the penalty by which a crime is punishable." *California Dept. of Corrections v. Morales,* 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 1602 n. 3, 131 L.Ed.2d 588 (1995).

In *United States v. Reese,* 71 F.3d 582 (6th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 2529, 135 L.Ed.2d 1053 (1996), this Court rejected an Ex Post Facto argument similar to the argument made by defendants in the present case. The defendant Reese violated the terms of his supervised release and was sentenced under section 3583(g), which was passed after he had been sentenced for his original crime and before he had committed the supervised release violation. Section 3583(g) required imposition of a specific prison sentence for defendants found possessing a controlled substance while on supervised release and eliminated the district court's discretion on the issue. Our court explained that if the new disadvantage applied to everyone who committed the predicate offense without regard to the subsequent violations, then there would clearly be an Ex Post Facto violation. *Id.* at 589–90. This court found that, in contrast, the application of section 3583(g) to Reese did not violate the Ex Post Facto Clause because it imposed a new sentence for the later misconduct of violating the terms of the supervised release, and therefore it did not extend the original sentence for the original offense. *Id.* at 590–91.

Under the reasoning in *Reese,* section 3583(h) may be applied to defendants Page and Fullum without violating the Ex Post Facto Clause because section 3583(h) was passed before they violated the terms of their supervised release, which precipitated their current sentences.[2] Our circuit, in several recent unpublished decisions, and the Third Circuit have reached the same conclusion under similar facts. *See United States v. Brown,* 124 F.3d 200 (Table), 1997 WL 469536 (6th Cir. Aug.13, 1997) (unpublished); *United States v. McGhee,* 121 F.3d 710 (Table), 1997 WL 447630 (6th Cir. Aug. 6, 1997) (unpublished); *Hanley v. United States,* 95

2. We do not agree with defendant's argument that *Reese* contradicts *Kellogg v. Shoemaker,* 46 F.3d 503 (6th Cir.1995). That case concerned parole eligibility, which is to be determined as of the date of the original sentencing and involved the revocation of parole, not the imposition of a subsequent sentence for the felony committed while on parole.

F.3d 1152 (Table), 1996 WL 476404 (6th Cir. Aug.20, 1996) (unpublished); *United States v. Brady*, 88 F.3d 225 (3rd Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997).[3]

The Seventh and Ninth Circuits held in similar circumstances, contrary to our decision in this case, that reimposing supervised release under section 3583(h) violates the Ex Post Facto Clause. *United States v. Beals*, 87 F.3d 854 (7th Cir.1996); *United States v. Collins*, 118 F.3d 1394 (9th Cir.1997). The Seventh Circuit reasoned that the defendant was on supervised release only because he committed the original crime; therefore, any change to consequences for violating the supervised release related back to the commission of the original crime. As part of its decision, the Seventh Circuit explicitly rejected our decision in *Reese*, 87 F.3d at 859, and the Ninth Circuit agreed with the Seventh. 118 F.3d at 1398.

We are bound by the holding of this court in *Reese*, and, therefore, conclude that the application of section 3583(h) to defendants Fullum and Page does not violate the Ex Post Facto Clause. According to this court's opinion in *Reese*, section 3583(h) does not alter the punishment for defendants' original offenses; section 3583(h) instead imposes punishment for defendants' new offenses for violating the conditions of their supervised release—offenses they committed after section 3583(h) was passed. Therefore, the application of section 3583(h) to them does not violate the Ex Post Facto Clause. We affirm the district court on this issue.

**3.** Two other circuits have also found no ex post facto violation in retrospective application of section 3583(h). *United States v. St. John*, 92 F.3d 761 (8th Cir.1996); *United States v. Sandoval*, 69 F.3d 531 (Table), 1995 WL 656488 (1st Cir. 1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 77, 136 L.Ed.2d 35 (1996). However, unlike our court, these circuits had previously construed the prior statute, before being amended by section 3583(h), to permit imprisonment and the imposition of a subsequent term of supervised release for violations of the conditions of supervised release. *United States v. O'Neil*, 11 F.3d 292 (1st Cir.1993); *United States v. Schrader*, 973 F.2d 623 (8th Cir.1992). Therefore, the amendment was not in conflict with the prior case law in these circuits, and did not change the law in regard to the defendants' sentences.

## II. Classification of Fullum's Felony

We find that we need not reach the issue of whether the district court in its original sentence incorrectly classified Fullum's offense as a Class B felony instead of a Class C felony, because as discussed under Issue III, we believe that Fullum's original term of supervised release is not limited by whether his offense is classified as a Class B or as a Class C felony. Even if we were to find that Fullum's offense should have been classified as a Class C felony, the district court's error would be harmless because as discussed below under Issue III, defendant Fullum's term of supervised release is dictated by 21 U.S.C. § 841(b)(1)(C), which does not depend on whether his offense is a Class B or a Class C felony; his term of supervised release is not dictated by 18 U.S.C. § 3583(b), in which there is a distinction between terms of supervised release for Class B and Class C felonies. For the reasons stated below, we find that the district court's imposition of a five-year term of supervised release on defendant Fullum was correct, whether defendant Fullum's offense is classified as a Class B or as a Class C felony.[4]

## III. Length of Supervised Release for Violation of 21 U.S.C. § 841(b)(1)(C)

The two other statutes governing terms of supervised release, which have recently been amended, are 21 U.S.C. § 841 and 18 U.S.C. § 3583.

**4.** The district court classified Fullum's offense as a Class B felony because that was the classification at the time Fullum committed his offense pursuant to 18 U.S.C. § 3559. However, before Fullum was sentenced, section 3559 was amended, and the amendment reclassified Fullum's offense as a Class C felony. The district court relied on 1 U.S.C. § 109, a criminal savings statute, in concluding that Fullum should be sentenced under the Class B felony classification in effect at the time he committed the offense. Because we find that whether the district court properly relied on the savings statute has no bearing on the result in the present case, we decline to review this issue.

■ Defendant Fullum was convicted of violating 21 U.S.C. § 841(b)(1)(C), which specifically mandates for defendant's offense a minimum three-year-term of supervised release by the words "at least," but does not place a maximum limit on his term of supervised release.[5] The district court in the present case sentenced defendant Fullum to five years supervised release pursuant to section 841(b)(1)(C), which was two years greater than the "at least" three-year minimum required.

Defendant Fullum argues that this was in error and that the maximum term of supervised release to which he can be sentenced is three years, because 18 U.S.C. § 3583(b) states:

> *Except as otherwise provided,* the authorized terms of supervised release are: (1) for a Class A or Class B felony, not more than five years; (2) for a Class C or Class D felony, not more than three years; and (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year. (emphasis added).

We will assume for the sake of argument that defendant Fullum's offense is a Class C felony as he contends.[6] Defendant argues that 18 U.S.C. § 3583(b)(2) limits the maximum sentence for a Class C felony to three years of supervised release, and therefore, the district court erred in giving him a five-year term of supervised release. Defendant Fullum contends that although 21 U.S.C. § 841(b)(1)(C) provides for the minimum amount of supervised release to which he must be sentenced ("at least three years"), the provision of 18 U.S.C. § 3583(b)(2) stipulates the maximum term of supervised release for a Class C felony—three years. In other words, defendant Fullum argues that in his case, the minimum term of supervised release that must be imposed is the same as

the maximum—three years. Defendant argues that the words "at least three years" in 21 U.S.C. § 841(b)(1)(C) are superseded by the language in 18 U.S.C. § 3583(b)(2), which stipulates that his term can be "not more than three years." The United States disagrees and argues that the words "except as otherwise provided" at the beginning of 18 U.S.C. § 3583(b) mean that the limits of 18 U.S.C. § 3583(b) do not apply to statutes, such as 21 U.S.C. § 841(b)(1)(C), which "provide otherwise" and allow for greater maximum terms of supervised release than those specified in 18 U.S.C. § 3583(b).

The issue in the present case is, thus, whether the provision of 21 U.S.C. § 841(b)(1)(C) controls and supersedes the provision of 18 U.S.C. § 3583(b)(2) in regard to limitations for terms of supervised release when the former statute is violated. The circuits are split on this issue.

The Second, Eighth, Ninth, and Tenth Circuits have held that the specific term of supervised release imposed under 21 U.S.C. § 841(b) may exceed the maximum lengths specified in the applicable provision of 18 U.S.C. § 3583(b). *United States v. Garcia,* 112 F.3d 395 (9th Cir.1997); *United States v. Orozco–Rodriguez,* 60 F.3d 705 (10th Cir. 1995); *United States v. Eng,* 14 F.3d 165 (2nd Cir.), *cert. denied,* 513 U.S. 807, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994); *United States v. LeMay,* 952 F.2d 995 (8th Cir.1991). The Fourth and Fifth Circuits have reached a contrary conclusion, holding that section 3583(b) limits the maximum term of supervised release that can be imposed pursuant to a violation of section 841(b). *United States v. Good,* 25 F.3d 218 (4th Cir.1994); *United States v. Kelly,* 974 F.2d 22 (5th Cir.1992). These circuits find that whereas 21 U.S.C. § 841 imposes the minimum term, 18 U.S.C. § 3583(b) sets the maximum term. We believe that this court should side with

---

5. 21 U.S.C. § 841(b)(1)(C) states in relevant part: Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of *at least* 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment (emphasis added).

6. If defendant Fullum's offense is a Class B felony, he would have no argument that his term of supervised release should be for three, not five, years, because section 3583(b)(1) states that for Class B felonies, the court may impose a five-year term of supervised release. The three-year maximum applies only to Class C and to Class D felonies. 18 U.S.C. § 3583(b)(2).

the Second, Eighth, Ninth, and Tenth Circuits for the following reasons.

We believe it is necessary to interpret the words "Except as otherwise provided," at the beginning of 18 U.S.C. § 3583(b), and the words "at least" in 21 U.S.C. § 841(b)(1)(C) in a logical manner. We believe the opinions of the Second, Eighth, Ninth, and Tenth circuits correctly analyze the wording of the two statutes, but the opinions of the Fourth and Fifth Circuits ignore the "except as otherwise provided" and "at least" language, and therefore fail to reconcile the two statutes by giving effect to the wording in each.

In *United States v. Eng,* the Second Circuit was presented with the issue of which statute is controlling and came to a well-reasoned conclusion. 14 F.3d at 173. In *Eng,* the defendant was sentenced to a term of supervised release for life. The defendant had been convicted under 21 U.S.C. § 841(b)(1)(A) for an offense subjecting him to a supervised release term of "at least 5 years." The district court in *Eng* interpreted the words "at least" to mean that the court could impose any maximum term greater than five years that it felt was reasonable. The court then imposed supervised release for life. The defendant, Eng, contended that because the minimum term under section 841(b)(1)(A) of "at least five years" coincided with the maximum five-year term set under section 3583(b)(1) for his particular class of offense, the district court should have set the supervised release term at exactly that period—five years. *Id.* at 172. In other words, the defendant in *Eng* argued that section 3583(b)(1) set the limit of the maximum term of supervised release which could be imposed for his violation of section 841(b)(1)(A). The government disagreed, arguing that section 3583(b)(1)'s maximum limit of five years did not apply in Eng's case, because the specific provision of section 841(b)(1)(A) indicated that a greater term than five years may be imposed. *Id.*

The court in *Eng* rejected the defendant's argument that the provisions of section 3583(b)(1) limited the maximum term of supervised release that could be imposed pursuant to section 841(b)(1)(A). The court noted the words, "Except as otherwise provided," at the beginning of section 3583(b) and the words "at least" in section 841(b)(1)(A) and held:

> Section 3583(b)'s maximums apply unless other statutes provide otherwise. 18 U.S.C. § 3583(b) ("Except as otherwise provided, the authorized terms of supervised release are....").... Eng's reading of [section 841(b)(1)(A) ] would render the "at least" portion of the statute irrelevant. We generally avoid constructions that render portions of a statute superfluous. More importantly, Eng's construction ignores the fact that the supervised released terms authorized by Congress for drug offenses, including section 841, were added in the same statute that amended section 3583(b) by adding the introductory phrase "Except as otherwise provided." Act of Oct. 27, 1986, Pub.L. No. 99–570, 1986 U.S.C.C.A.N. (100 Stat.) 3207. It is apparent that in enacting ... the Anti–Drug Abuse Act of 1986, Congress intended to enhance the penalties available to combat drug offenses. That Congress intended these penalties to override the maximums [formerly] set by 18 U.S.C. § 3583(b) is clear from the fact that Congress simultaneously amended that section to add the phrase "[e]xcept as otherwise provided".... Accordingly, we hold that the District Court did not violate 18 U.S.C. § 3583(b) when it sentenced Eng to a lifetime term of supervised release following his term of incarceration.

*Id.* at 172–73 (citations and footnote omitted).

Thus, the court in *Eng* imposed a lifetime term of supervised release pursuant to the specific provision of 21 U.S.C. § 841(b)(1)(A), even though 18 U.S.C. § 3583(b)(1), in general, limited the term of supervised release for his class of offense to five years. The court in *Eng* found that the general limitations of 18 U.S.C. § 3583(b) do not apply to the specific provisions of 21 U.S.C. § 841(b), because the latter statute falls within the "except as otherwise provided" language of section 3583(b), which indicates that certain statutes are excluded from application of its specified maximums. The court found that 21 U.S.C. § 841(b) fell within the exclusion, because it "provides otherwise" and allows for greater

maximum terms of supervised release. *Id.* at 172.

We agree that the only way to reconcile section 3583(b) with the specific supervised release terms allowed under section 841(b) is to read the statutes in this way. As the court in *Eng* pointed out, the supervised release terms authorized by Congress for drug offenses, including the "at least" minimum terms specified in section 841, were added in the same statute that amended section 3583(b) with the words "[e]xcept as otherwise provided." "Except as otherwise provided" specifies that the general provisions of section 3583(b) do not apply to other statutes, such as 21 U.S.C. § 841, which have provisions specifically providing for greater terms of supervised release. We agree with the court in *Eng* that when Congress enacted the Anti–Drug Abuse Act of 1986, it amended 18 U.S.C. § 3583(b), the statute concerning supervised release terms for offenses, in general, to add the phrase "[e]xcept as otherwise provided," in order to indicate that the maximum terms of supervised release previously set in section 3583(b) no longer applied in specific drug-related statutes that had been simultaneously amended to provide for greater maximum terms of supervised release than those provided for in section 3583(b). Congress simultaneously amended 21 U.S.C. § 841(b), which requires minimum terms of supervised release for the offenses enumerated therein, by using the words "at least" before the specified minimum term. The only logical explanation of the words "at least" is that the court may impose a term of supervised release that is *greater than* the minimum term specified, and that the length of the maximum term is at the court's discretion. Several other courts have found that Congress added the phrase "[e]xcept as otherwise provided" to section 3583(b) at the same time it added the "at least" language to section 841(b) so that section 3583(b) would not conflict with section 841(b). *See United States v. Mora*, 22 F.3d 409, 412 (2nd Cir. 1994). As the court in *United States v. Orozco–Rodriguez*, 60 F.3d at 708, stated: "Section 3583(b) does not limit supervised release terms where "otherwise provided." It is "otherwise provided" in 21 U.S.C. § 841(b). As the court in *LeMay* stated, "It

is obvious to us that the phrase "except as otherwise provided" was added to § 3583(b) so that this statute would not conflict with statutes such as 21 U.S.C. § 841(b)(1)(A) that authorize supervised release terms in excess of five years." 952 F.2d at 998. *See also United States v. Williams*, 65 F.3d 301, 309 (2nd Cir.1995) (a provision of section 841(b)(1)(A), which set a minimum term of supervised release of "at least 5–years" for a first-time offender, was not subject to the five-year maximum of section 3583(b)(1), since such a construction would rob the term "at least" of any meaning); *United States v. Salazar*, 784 F.Supp. 1366, 1368 (N.D.Ill. 1992) (interpreting the words "at least 4 years" in section 841(b) to mean for any period greater than four years, "up to and including life").

Moreover, there are several Sixth Circuit cases, which although not directly on point, indicate that the limitations on maximum terms of supervised release specified in section 3583(b) can be overridden. In *United States v. Wint*, 940 F.2d 664 (Table), 1991 WL 139701 (6th Cir. July 30, 1991), the Sixth Circuit considered a situation in which the minimum term of supervised release under section 841(b)(1)(C) was eight years, but the maximum term of supervised release under section 3583(b) was three years. The court noted the language, "Except as otherwise provided," in section 3583(b) and held that the defendant was appropriately sentenced to a term of supervised release of eight years pursuant to the specific directive of section 841(b), and that the general provision of section 3583(b) did not control, because it had been "provided otherwise" in a different statute.

In *Prince v. United States*, 46 F.3d 17 (6th Cir.1995), the defendant argued that he should have received only a two-year term of supervised release under the version of section 3583(b) in effect prior to November 1, 1987, rather than the three-year term allowed by the post-November 1, 1987 version of the statute. This court rejected defendant's argument, holding that the specific provision of section 841(b)(1)(C) controlled, rather than the general provision of section 3583(b), stating:

The supervised release limits of 18 U.S.C. § 3583(b) apply only if not "otherwise provided" by applicable statutes. Pursuant to the applicable provisions of 21 U.S.C. § 841(b)(1)(C), the statute under which Prince was convicted in this matter, "[a]ny sentence imposing a term of imprisonment under this paragraph shall ... impose a term of supervised release of at least *3 years* in addition to such term of imprisonment...." (Emphasis added.) Thus, regardless of the effective date of the amendment to 18 U.S.C. § 3583(b), the district court appropriately sentenced Prince to three years of supervised release after completion of his prison term pursuant to the superseding requirements of 21 U.S.C. § 841(b)(1)(C).

*Id.* at 19.

Although these cases did not involve the precise issue presented by defendant Fullum herein (in which the mandatory minimum term of supervised release under section 841(b)(1)(C) is the same as the maximum term specified under section 3583(b)(2)), these cases indicate that the specific provisions of section 841(b)(1)(C) prevail over the general provisions of section 3583(b)(2) when there is an apparent conflict. In regard to the present case, section 841(b)(1)(C) provides for a term of supervised release of "at least three years," not simply "three years." We believe that this language indicates an intent on the part of Congress to allow terms of supervised release of more than three years. There is no language in section 841(b) to suggest that Congress intended the authorized terms of supervised release to be limited by section 3583(b). If the limit of a three-year term of supervised release for Class C felonies in section 3583(b)(2) is interpreted as being the maximum term allowable for offenses punishable under section 841(b)(1)(C), then the phrase "at least" in section 841(b)(1)(C) is rendered superfluous. It is well settled law that statutory constructions that render portions of a statute superfluous are to be avoided. *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 520, 99 L.Ed. 615 (1955) (it is the court's duty "to give effect, if possible, to every clause and word of a statute").

We do not find the opinions of those courts that come to the opposite conclusion and find that section 3583(b) limits the terms of supervised release that can be imposed under 21 U.S.C. § 841 to be well reasoned. In *United States v. Kelly,* 974 F.2d at 23–24, the Fifth Circuit relied on an unpublished opinion in which the court had stated that 18 U.S.C. § 3583(b) limits the length of supervised release that can be imposed under 21 U.S.C. § 841, but with no analysis of the statutory language. In *United States v. Good,* 25 F.3d at 220, the court was not dealing with this issue directly, but merely stated in dicta that a court's sentencing power is constrained by 18 U.S.C. § 3583(b) in the maximum it can impose under 21 U.S.C. § 841(b). Again, there was no statutory analysis or attempt to give effect to the language of both statutes.

For these reasons, we find that this court should join the Second, Eighth, Ninth, and Tenth Circuits in finding that Congress intended to enhance the penalties available to combat drug offenses in enacting the specific supervised release provisions of section 841(b), and these specific provisions are excluded from the limits on supervised release provided for in section 3583(b). Congress' intent that section 3583(b) does not apply to the provisions of section 841(b) is evidenced by the words, "Except as otherwise provided" at the beginning of section 3583(b). Under section 841(b), it is "otherwise provided." In the present case, the words "at least" in section 841(b)(1)(C) indicate that a term of supervised release greater than three-years may be imposed; otherwise, the words "at least" have no meaning. Therefore, in the present case, even if defendant Fullum's offense should have been classified as a Class C felony, the three-year maximum term for Class C felonies pursuant to section 3583(b)(2) does not apply, and the district court was entitled to choose a maximum term of supervised release that was greater than "at least three years" pursuant to 21 U.S.C. § 841(b)(1)(C).

For these reasons, we find that a five-year term of supervised release in the present case was within the district court's discretion,

and the district court is affirmed on this issue.

### IV.

To conclude, we **AFFIRM** the district court's decision to reinstate defendant Page's and defendant Fullum's remaining terms of supervised release after their release from imprisonment for violating the conditions of their supervised release. We also **AFFIRM** the district court's decision to impose a five-year term of supervised release on defendant Fullum as part of his original sentence because such a term is permitted under 21 U.S.C. § 841(b)(1)(C), whether defendant's offense is classified as a Class B or as a Class C felony. For these reasons, we **AFFIRM** the district court's order that following defendant Fullum's incarceration, he will be placed on supervised release until February 24, 1999. We **AFFIRM** the district court's order that following defendant Page's incarceration, he will be placed on supervised release until June 1, 1998.

MERRITT, Circuit Judge, concurring in part and dissenting in part.

These two cases arise because Congress recently has passed a number of new statutes governing terms of supervised release, statutes which alter previous law and create a series of problems of interpretation. The first statute we must interpret in this appeal is 18 U.S.C. § 3583(h), which enables a District Court to reimpose supervised release as part of the sentence for a defendant who has violated the terms of his original supervised release. I agree with the majority that the application of section 3583(h) to defendants Page and Fullum does not violate the Ex Post Facto Clause based on the reasoning of this Court's decision in *United States v. Reese*, 71 F.3d 582 (6th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 2529, 135 L.Ed.2d 1053 (1996). Because Page does not raise any further issues, I agree with the majority that Page's sentence should be affirmed.

I do not agree with the majority's decision to affirm Fullum's sentence because I agree with the two additional arguments that Fullum raises on appeal: (1) that the District Court in its initial sentence incorrectly classified Fullum's offense as a Class B rather than a Class C felony; and (2) that if his offense is reclassified to a Class C felony, then his term of supervised release must be reduced from five years to three years. The majority holds that even if Fullum's offense were reclassified to a Class C felony, the District Court was still permitted to impose a five-year term of supervised release. Therefore, the majority does not address the reclassification of Fullum's offense.

Unlike the majority, I find that if Fullum's offense were reclassified to a Class C felony, then he would be entitled to have his supervised release term reduced from five to three years. Thus, I must address whether the District Court incorrectly classified Fullum's offense as a Class B felony, the classification under 18 U.S.C. § 3559 at the time of Fullum's offense. Before Fullum was sentenced, section 3559 was amended, and the new amendment reclassified Fullum's offense to a Class C felony. I would hold that the District Court should have applied the amended section 3559, and therefore Fullum's offense should have been classified as a Class C felony. I would also hold that if Fullum's offense was a Class C felony, then his supervised release sentence should have been three years and not five years because 18 U.S.C. § 3583(b) limits supervised release sentences for Class C felonies to three years. The majority upholds Fullum's five-year term of supervised release because the statute under which Fullum was charged, 21 U.S.C. § 841, provides that Fullum can receive a supervised release sentence of "at least three years" with no maximum. Congress was unclear as to which statute should govern. Therefore, under the rule of lenity, I would reverse the District Court and hold that Fullum is entitled to three years of supervised release.

### I. *Classification of Fullum's Felony*

Fullum argues that the District Court incorrectly classified his offense as a Class B felony instead of a Class C felony. According to Fullum, if his offense is classified as a Class C felony, then he is entitled to have his supervised release term reduced from five to

three years. Page does not join in this argument because he received a three-year term of supervised release. The majority did not reach this issue because they hold that even if Fullum were entitled to have his offense reclassified to a Class C felony, the majority would still affirm the five-year term of supervised release. I address this issue because I find that if Fullum's offense were reclassified to a Class C felony, then he would be entitled to have his supervised release sentence reduced from five to three years.

Fullum was charged with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), which had a maximum statutory penalty of twenty years in prison. At the time of the offense, April 20, 1988, 18 U.S.C. § 3559(a) classified offenses with maximum terms of imprisonment of twenty or more years as Class B felonies. On November 18, 1988, Congress amended section 3559 and reclassified the felonies. Under the new section 3559, offenses with maximum prison terms of less than twenty-five years but more than ten years were classified as Class C felonies. Therefore, if the new statute were applied to Fullum, then his offense would be a Class C felony. Approximately eight months after the statute was changed and the offenses reclassified, on July 14, 1989, Fullum pled guilty.

The District Court held that Fullum should be sentenced under the Class B felony classification in effect at the time he committed the offense. For this proposition, the Court relied entirely on 1 U.S.C. § 109, a criminal savings statute, which provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

In its decision, the District Court relied on several cases which applied this criminal savings statute. *See United States v. Jacobs,* 919 F.2d 10 (3rd Cir.1990) (holding that felony should be classified at time of offense and should not alter probation eligibility); *United States v. Cook,* 890 F.2d 672 (4th Cir.1989) (same); *Margiotta v. United States,* 788 F.Supp. 145 (E.D.N.Y.1992), *aff'd,* 993 F.2d 1532 (2nd Cir.1993) (holding that the savings statute prevented Class B offenses from being reclassified as Class C offenses and therefore imposing the longer supervised release term applicable to Class B felonies); *United States v. Primavera,* No. 91–00102–04, 1993 WL 273990 (E.D.Pa. June 30, 1993), *aff'd,* 19 F.3d 645 (3rd Cir.1994) (same). The District Court also noted that the savings statute applies to statutory amendments. *See United States v. Mechem,* 509 F.2d 1193, 1194 n. 3 (10th Cir.1975); *Margiotta,* 788 F.Supp. at 148.

I would hold that the District Court's ruling was in error because two years of "supervised release" should not be characterized as a "penalty" to be saved under this statute. My reading of the savings statute, as explained by the Supreme Court in *Warden v. Marrero,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), leads me to conclude that the term "penalty" in the savings statute was intended to have a narrow meaning. The Supreme Court explained that Congress first enacted the general savings provision in 1871 "to abolish the common-law presumption that the repeal of a criminal statute resulted in the abatement of 'all prosecutions which had not reached final disposition to the highest court authorized to review them.'" *Marrero,* 417 U.S. at 660, 94 S.Ct. at 2536 (quoting *Bradley v. United States,* 410 U.S. 605, 607, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973)). The Supreme Court further explained that these abatements are "often the product of legislative inadvertence." *Id.* at 660, 94 S.Ct. at 2536. The two-year decrease in Fullum's supervised release sentence does not qualify as an abatement of punishment due to legislative inadvertence because the decrease was deliberate and designed to apply to pending cases.

The *Marrero* decision is distinguishable from the case before us because the Court saw a legislative inadvertence. In *Marrero,* the defendant was sentenced under a statute making him ineligible for parole, and the Supreme Court refused to give the defendant the benefit of a new statute which would

have made him eligible for parole. The Supreme Court held that the savings statute required application of the old statute because "only an unusual prisoner could be expected to think that he was not suffering a penalty when he was denied eligibility for parole." *Id.* at 662, 94 S.Ct. at 2538. In contrast to the statute in *Marrero*, which denied the defendant the opportunity to leave prison, the supervised release statute permits the defendant to leave prison and re-enter society. Congress deliberately—not inadvertently—decreased the period of supervision in certain cases. Supervised release was created to assist a defendant to adjust to life outside of prison and to serve a more rehabilitative function:

> The Committee has concluded that the sentencing purposes of incapacitation and punishment would not be served by a term of supervised release—that the primary goal of such a term is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release.

S.Rep. No. 98–225, at 124 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307. Thus, we find that the holding in *Marrero* is not in point and does not require the application of the savings statute in this case.

Obviously, supervised release imposes some burden on a defendant by regulating his behavior, but regulation of behavior is not necessarily a "penalty." Many laws in our society regulate the behavior of citizens: tax laws require citizens to surrender part of their income to the government; gun control laws require the registration of weapons; zoning laws regulate the type of structures citizens can build; environmental protection laws regulate behavior which is potentially harmful to the environment; securities registration laws require the disclosure of information on a continuing basis; and, speed limit laws require drivers to drive below a certain speed. None of these laws are considered penalties.

The Supreme Court's recent 5–4 opinion in *Kansas v. Hendricks,* — U.S. ——, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997), reinforces this view. In *Hendricks,* the Supreme Court reviewed a Kansas law that permitted the State to involuntarily confine any individual who had been convicted of or charged with a sexually violent offense and who suffered "mental abnormality" which made the individual likely to engage in "predatory acts of sexual violence." Kan.Stat.Ann. § 59–29a02(b) (1994). The Supreme Court held that this involuntary confinement, which occurred after Hendricks had served his prison sentence, did not violate the Double Jeopardy Clause or the Ex Post Facto Clause because it was not punitive.

The Supreme Court explained that the Kansas Act was not punitive in the penalty or punishment sense because it did not implicate either of the two primary objectives of criminal punishment: retribution or deterrence. *Hendricks,* at ——, 117 S.Ct. at 2082. Even though the Act was "tied to criminal activity," such a link was "insufficient to render the statut[e] punitive." *Id.* at ——, 117 S.Ct. at 2082 (quoting *United States v. Ursery,* — U.S. ——, ——, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996)). When Hendricks argued that the Act was punitive because he was being restrained involuntarily, the Supreme Court explained that the "mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *Id.* at ——, 117 S.Ct. at 2083 (quoting *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). When Hendricks argued that the Act was punitive because his confinement could be of indefinite duration, the Supreme Court disagreed because the Act required judicial proceedings every year to determine whether the involuntarily confined individual continued to require confinement. When Hendricks argued that the Act was punitive because he was not receiving any treatment as part of his confinement, the Supreme Court disagreed, stating that "under the appropriate circumstances and when accompanied by proper procedures, incapacitation may be a legitimate end of the civil law." *Id.* at ——, 117 S.Ct. at 2084.

If such involuntary confinement is not punitive for purposes of the Double Jeopardy Clause and the Ex Post Facto Clause, then surely supervised release is not a "penalty" for purposes of the criminal savings statute. The Kansas Act is more of a penalty than the supervised release statute because the Kansas Act imposes involuntary confinement while the supervised release statute enables the defendant to live without confinement. Otherwise, the Kansas Act is similar to the supervised release statute. Like the Kansas legislature, Congress explained in its legislative history that the primary goal of supervised release is not retribution or deterrence. Specifically, the legislative history provides that supervised release "may not be imposed for purposes of punishment or incapacitation since those purposes will have been served to the extent necessary by the term of imprisonment." 1984 U.S.C.C.A.N. at 3308. Similar to the Kansas statute, the supervised release statute allows a court to terminate the remainder of a defendant's supervised release after one year if his conduct and the interests of justice so require. 18 U.S.C. § 3583(e)(1).

In making the determination that supervised release is not a "penalty" under the savings statute, I do not conclude that supervised release is not "punishment" for cases involving the Ex Post Facto Clause or the Double Jeopardy Clause. That question is not presented in this case. Using the analogy drawn from the *Hendricks* case, I would simply conclude that supervised release is not a "penalty" for purposes of the savings statute. I do not believe that Congress intended to prevent the application of deliberate reductions of supervised release.

## II. *Length Of Fullum's Supervised Release*

The District Court classified Fullum's original offense as a Class B felony and sentenced Fullum to a five-year term of super-vised release. After Fullum violated the terms of his original supervised release sentence, the District Court sentenced Fullum to eight months in prison and reimposed the remainder of his original five-year supervised release sentence, with credit for time spent in prison. Fullum challenges the District Court's decision to impose the five-year term of supervised release.

Fullum argues that if this Court reclassifies his original offense to a Class C felony, then this Court must reduce his supervised release sentence to three years because section 3583(b) limits supervised release sentences for Class C felonies to no more than three years.[1] The majority assumes for the sake of argument that Fullum's offense should be reclassified to a Class C felony. Despite this assumption, the majority still holds that the District Court was permitted to impose the five-year supervised release sentence because section 841(b)(1)(C), the statute under which Fullum was sentenced, provides that Fullum could be sentenced to "at least three years" of supervised release with no maximum.[2]

I find that the statutory provisions, 18 U.S.C. § 3583(b) and 21 U.S.C. § 841(b)(1)(C), are basically incoherent because Congress passed two conflicting statutes and failed to explain when to apply them. Section 841 provides minimum supervised release sentences for offenders of that statute based on their crimes and criminal history; in this case, section 841(b)(1)(C) provides that the District Court could sentence Fullum to a supervised release term of "at least three years." Section 3583(b) limits supervised release sentences for offenses based on the Class of the felony; in this case, section 3583(b) provides that the supervised release term for Fullum's Class C felony could be "not more than three years." We must decide whether the three-year maximum term set by section 3583(b) prevents

---

1. The pertinent provision of 18 U.S.C. § 3583(b) provides: "Except as otherwise provided, the authorized terms of supervised release are—(1) for a Class A or Class B felony, not more than five years; (2) for a Class C or Class D felony, not more than three years...."

2. The pertinent provision of 21 U.S.C. § 841(b)(1)(C) provides: "Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such a term of imprisonment...."

the District Court, sentencing Fullum under section 841(b)(1)(C), from imposing a supervised release sentence exceeding three years. The majority acknowledges that the Circuits are split when faced with cases similar to the one before us.

The Circuit split illustrates that it is unclear which statute governs in Fullum's situation. Under the rule of lenity, an ambiguity in a criminal statute must be resolved in favor of the defendant. *See United States v. Morton,* 17 F.3d 911, 915 (6th Cir.1994); *United States v. Romano,* 970 F.2d 164 (6th Cir.1992); *United States v. Minarik,* 875 F.2d 1186 (6th Cir.1989). Under the circumstances, defendant Fullum is entitled to the benefit of the ambiguity Congress created by passing two conflicting statutes. Therefore, I would hold that Fullum is entitled to a supervised release term of three years.