**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy Wade ARGO, Defendant–Appellant.**

**No. 00–5812.**

United States Court of Appeals, Sixth Circuit.

Oct. 4, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

OPINION

PER CURIAM.

Defendant-appellant Timothy Wade Argo appeals his conviction and sentence on attempt to manufacture methamphetamine and possession of chemicals, products, materials and equipment knowing it would be used to manufacture methamphetamine. A jury found Argo guilty of both charges. On appeal, Argo claims that: (1) the statutes under which he was convicted are unconstitutional under *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995); (2) the evidence offered at trial is insufficient to support his convictions; (3) the district court erred in admitting evidence of Argo's bad character and his criminal propensities; and (4) his conviction and sentence violated the principles announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the following reasons, we AFFIRM.

## I. BACKGROUND

Tracy City, Tennessee police officers executed a search warrant at Argo's residence on November 19, 1999. The warrant issued following several days surveillance of the residence, and information that Argo was distributing and manufacturing methamphetamine. Argo and James Blair were present during the search.

The officers seized various chemicals and equipment from within the house, an adjacent shed, Argo's truck, and a junked automobile in the yard of the residence. Some of the equipment contained methamphetamine in various stages of manufacture. Blair had methamphetamine on his person; Argo had keys to the residence.

On November 30, 1999, a federal grand jury in the Eastern District of Tennessee returned a three-count indictment charging Argo and Blair in Count One with attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846(a)(1), 841, and in Count Two with possession of chemicals and equipment used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). Count Three charged Blair with possession of methamphetamine in violation of 21 U.S.C. § 844(a).

Before trial, the government filed a notice of enhancement pursuant to 21 U.S.C. § 851, alleging that Argo had two previous drug felony convictions. Also before trial, Blair and the government entered into a plea agreement with the government, by the terms of which Blair agreed to plead guilty to Count Two of the indictment, and to testify for the government at Argo's trial.

On January 19, 2000, Argo proceeded to trial. On January 20, the jury found Argo guilty of both counts charged in the indictment. Subsequently, the district court sentenced Argo to 262 months' imprisonment followed by six years' of supervised release on Count One, and a concurrent term of 240 months' imprisonment followed by three years' supervised release on Count Two. On May 2, 2000, Argo filed a timely notice of appeal to this Court.

## II. DISCUSSION

### A. Constitutional Challenge

Argo contends that 21 U.S.C. §§ 841 and 843(a)(6) are an invalid exercise of Congress's Commerce Clause power, because the manufacture of methamphetamine and the possession of equipment to manufacture methamphetamine is not conduct which has a substantial impact on interstate commerce. In support of his position, Argo relies on *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). A constitutional challenge to a statute is a question of law, which this court reviews *de novo*. *See United States v. Smith*, 182 F.3d 452, 455 (6th Cir.1999).

Argo's claim of unconstitutionality with regard to drug trafficking statutes was rejected by this Court in *United States v. Tucker*, 90 F.3d 1135, 1140 (6th Cir.1996). In *Tucker*, we held that "drug trafficking is an 'economic enterprise' that substantially affects interstate commerce in numerous clear ways," and therefore may be regulated by Congress. 90 F.3d at 1141. Under *Tucker*, the lack of jurisdictional requirement does not render the drug statutes unconstitutional, since drug trafficking is the type of activity that always implicates interstate commercial concerns. *Id.*

Argo concedes that we are bound by *Tucker*, yet requests that we "revisit" the issue. Appellant's Br. at 20. However, "[i]t is the well-settled law of this Circuit that '[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.' " *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)). Because *Tucker* remains consistent with Supreme Court and Sixth Cir-

cuit jurisprudence, we must reject Argo's constitutional claim.

## B. Sufficiency of the Evidence

Argo asserts that the Government presented insufficient evidence to sustain his convictions under 21 U.S.C. §§ 846 and 843(a)(6), and that the district court therefore erred in denying his motion for judgment of acquittal. In reviewing a conviction for sufficiency of the evidence, we view the evidence "in the light most favorable to the prosecution." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[W]e do not weigh the evidence, consider the credibility of witnesses or substitute our judgment for that of the jury." *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir.1993). The conviction will be upheld so long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original).

■■■ To convict a person of "attempt" to commit a drug offense, the government must establish two essential elements: (1) the intent to engage in the proscribed criminal activity; and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed criminal activity. *See United States v. Pennyman,* 889 F.2d 104, 106 (6th Cir.1989); *United States v. Reeves,* 794 F.2d 1101, 1104 (6th Cir.), *cert. denied,* 479 U.S. 963, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986). To convict a person of a § 843(a)(6) violation, the government is required to prove: (1) that the defendant possessed chemicals, products, materials or equipment which could have been used to manufacture a controlled substance; and (2) that at the time of such possession, defendant knew, intended or had reasonable cause to believe that the items would be used in the manufacture of a controlled substance. *See* 21 U.S.C. § 843(a)(6).

■■ While Argo concedes that the items discovered in his residence could be used to manufacture methamphetamine, he argues that there was insufficient proof that he was involved in the manufacture of methamphetamine, that the items seized belonged to him, and that he intended to use the items to manufacture methamphetamine. Specifically, Argo contends that Blair was not a credible witness, and that the evidence implicated Blair, not himself.

At trial, Blair testified that he obtained methamphetamine from Argo, that he assisted Argo in obtaining chemicals and equipment so that Argo could manufacture the drug, and that he assisted Argo in manufacturing the drug three or four times. Blair also identified various items found at Argo's residence, and explained to the jury how he and Argo used these items to manufacture methamphetamine.

Argo contends that Blair's testimony is not credible "in light of his cooperating status," his admission during cross-examination that he was not a credible and reliable person, and his criminal history. Appellant's Br. at 25–26. However, credibility determinations are made by the factfinder and may not be disturbed in determining whether any competent and substantial evidence supports an element of the offense. *See United States v. Phibbs,* 999 F.2d 1053, 1064 (6th Cir.1993); *see also United States v. Adamo,* 742 F.2d 927, 935 (6th Cir.1984) (noting that "attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence"). Argo had the opportunity to impeach Blair's credibility at trial, and we will not second-guess the jury's assessment of Blair's credibility as a witness.

We also reject Argo's contention that the evidence implicated Blair rather than himself. It is well-settled that the govern-

ment's "evidence need not 'remove every reasonable hypothesis except that of guilt.'" *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir.1989) (quoting *United States v. Stone*, 748 F.2d 361, 363 (6th Cir.1984), *accord United States v. McGahee*, 257 F.3d 520, 526 (6th Cir.2001)). The fact that the evidence presented at trial might have strongly implicated Blair does not render such evidence exculpatory regarding Argo.

Our review of the record reveals that the government put forth sufficient evidence to convince a rational trier of fact that Argo is guilty of Counts One and Two. The jury heard evidence that Argo was present at the time the police executed their search warrant, that he had been seen coming and going from the residence during the week prior to the search, and that he possessed keys to the residence. The government presented evidence tending to show that the chemicals and equipment found within the residence are those commonly used in the manufacture of methamphetamine, and that residues of methamphetamine and precursor chemicals were found on some of the items found in the home and Argo's truck. Finally, Blair's testimony established each element of the crimes of which Argo was convicted. Accordingly, the district court's denial of Argo's motion for acquittal was proper.

## C. Admission of Evidence

Argo contends that he is entitled to a new trial because the district court erred in admitting evidence that Argo had previously manufactured methamphetamine. At trial, the government sought to introduce testimony from Blair that he and Argo had manufactured methamphetamine

on several occasions. The district court allowed the evidence, over Argo's objection, pursuant to Fed.R.Evid. 404(b).[1] Argo contends that the evidence was inadmissible because his intent was not at issue.

Because a ruling on the admissibility of Rule 404(b) evidence implicates mixed questions of fact and law, we review these evidentiary decisions under a three-step process. *See United States v. Hurst*, 228 F.3d 751, 756 n. 1 (6th Cir.2000). First, we review for clear error the district court's factual determination that there was sufficient evidence to conclude that the other acts occurred. *United States v. Comer*, 93 F.3d 1271, 1277 (6th Cir.), *cert. denied*, 519 U.S. 1033, 117 S.Ct. 595, 136 L.Ed.2d 523 (1996). Second, we review de novo the district court's legal determination that the alleged acts were admissible as evidence of motive, intent, preparation, and/or plan. *Id.* Third, we review for abuse of discretion the district court's determination regarding whether the "other acts" evidence was more probative than unfairly prejudicial under Rule 403. *Id.*

Because Argo does not challenge the district court's factual determination that there was sufficient evidence to conclude that the other acts occurred, we proceed to the second step of our review. The district court concluded that Blair's testimony concerning Argo's prior manufacture of methamphetamine was admissible for the purpose of showing Argo's intent to manufacture methamphetamine. Argo does not dispute the crimes with which he was charged—attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and pos-

---

1. Rule 404(b) states, in pertinent part, that: [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissi-

ble for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.... Fed.R.Evid. 404(b).

session of equipment or chemicals knowing it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 843(a)(6)—are both specific intent crimes. In *United States v. Johnson,* we held that "where the crime charged is one requiring specific intent, the prosecutor may use Rule 404(b) evidence to prove the defendant acted with the specific intent notwithstanding any defense the defendant might raise." 27 F.3d 1186, 1192 (6th Cir.1994). Argo concedes that, under *Johnson,* Blair's testimony was admissible for a legitimate purpose, *i.e.,* to prove his intent to manufacture methamphetamine. We decline Argo's invitation to revisit the rule articulated in *Johnson,* as one panel of this Court cannot overrule the decision of another panel. *See Salmi v. Secretary of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir.1985).

As to the final step of our review, we find that the district court did not abuse its discretion in determining that the probative value of the evidence was not outweighed by its prejudicial effect. The government was required to prove Argo's intent to manufacture methamphetamine, and Argo disputed that element of the crimes. We also note that the district court gave a contemporaneous limiting instruction to the jury. Accordingly, the district court did not err in admitting Blair's testimony regarding Argo's prior bad acts.

Argo also challenges the district court's admission of Blair's grand jury testimony, in which Blair stated that Argo was known as a "small cook." Argo asserts that this evidence was not admissible under Rule 404(b). Argo further contends that the district court erred in failing to conduct Rule 403 balancing prior to admitting the evidence, and in failing to give a contemporaneous limiting instruction to the jury regarding this evidence.

It is apparent from the record that the district court admitted Blair's grand jury testimony pursuant to Fed.R.Evid. 801(d)(1)(B), which provides that "[a] statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Normally, we review the district court's decision to admit a prior consistent statement for abuse of discretion. *See United States v. Lawson,* 872 F.2d 179, 182 (6th Cir.1989). However, Argo did not object to this evidence being admitted pursuant to Rule 801(d)(1)(B). Therefore, we review the district court's decision to admit this evidence for plain error. *See* Fed. R.Crim.P. 52(b); *United States v. Leal,* 75 F.3d 219, 225 (6th Cir.1996).

■■■ When counsel for the defendant implies that a witness's testimony has been fabricated in exchange for a favorable plea agreement, a prior consistent statement made before the plea agreement was negotiated is admissible under Rule 801(d)(1)(B). *See United States v. Smith,* 746 F.2d 1183, 1185 (6th Cir.1984); *see also United States v. Toney,* 161 F.3d 404, 408 (6th Cir.1998) (noting that prior consistent statements are admissible into evidence under Rule 801(d)(1)(B) only if they were made before a witness has a motive to lie). Defense counsel conceded at trial that he impliedly charged Blair with fabricating his testimony so as to receive favorable treatment by the government. (J.A. at 116). Therefore, the prior consistent statement of Blair, made two years prior to the alleged improper motive to fabricate arose, was properly admitted to rebut the charge of improper motive created by de-

fense counsel's cross-examination in regard to his favorable plea agreement.

Argo correctly notes that the district court did not expressly conduct Rule 403 balancing prior to admitting the evidence pursuant to Rule 801(d)(1)(B). Argo does not suggest, however, that such failure is reversible error. Instead, Argo contends that such balancing favors exclusion of the evidence.

We review for an abuse of discretion the district court's ruling on the admissibility of evidence under Rule 403. *See United States v. Layne*, 192 F.3d 556, 573 (6th Cir.1999). In reviewing Rule 403 challenges to the district court's decision to admit certain evidence, we view the evidence in the light most favorable to the prosecution. *United States v. Logan*, 250 F.3d 350, 368 (6th Cir.2001).

■ Blair's testimony, as already discussed, was probative as to Blair's motive to fabricate his testimony, and was admissible pursuant to Rule 106 as well. Evidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403. *See United States v. Sanders*, 95 F.3d 449, 453 (6th Cir.1996). Argo has not made any attempt to demonstrate how this evidence unfairly prejudiced him. Accordingly, we conclude that probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

Argo's contention that the district court erred in failing to give a limiting instruction regarding the grand jury testimony is similarly without merit. Because Argo did not seek such an instruction, we review his claim for plain error. *See* Fed.R.Crim.P. 52(b). As noted above, the prior consistent statement admitted at trial met the requirements of Rule 801(b)(2), and therefore was *not* hearsay and was competent evidence for all purposes. Because no limiting instruction was required, the district court's failure to give one cannot be error.

Because the challenged evidence was properly admitted, we reject Argo's evidentiary claims.

## D. *Apprendi* Issue

*Apprendi v. New Jersey* holds that factors which subject a defendant to an enhanced penalty, except prior felony convictions, are elements of the crime that must be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt. 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Argo contends that his sentence on Count One violates *Apprendi* because the district court did not submit the issues of drug quantity and his prior felony drug convictions to the jury as elements of the crimes, yet sentenced Argo in excess of the 20 year statutory maximum prescribed by 21 U.S.C. § 841(b)(1)(C).

Argo did not timely raise objections on the *Apprendi* issue, and therefore we review his claim for plain error. *See United States v. Page*, 232 F.3d 536, 543–544 (6th Cir.2000); Fed.R.Crim.P. 52(b). To succeed, Argo must show: (1) an error was made; (2) the error is plain; (3) the error affects Argo's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ The prescribed statutory maximum penalty for an attempt to manufacture an undetermined amount of methamphetamine is 20 years pursuant to 21 U.S.C. § 841(b)(1)(C). This subsection provides for an increase in the statutory penalty to 30 years for individuals, such as Argo, who have a prior felony conviction. *See* 21 U.S.C. § 841(b)(1)(C). Therefore, Argo's sentence of 262 months is within the statutory range allowable for attempt to manufacture methamphetamine regard-

less of drug quantity, considering his prior drug convictions.

■ The district court did not err by using Argo's prior convictions to enhance his sentence, even though the prior convictions were not submitted to the jury. *See Apprendi*, 530 U.S. at 489, 120 S.Ct. 2348; *Almendarez–Torres v. United States*, 523 U.S. 224, 230, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir.2000) (en banc). Before trial, the government filed notice under 21 U.S.C. § 851 of its intent to enhance Argo's sentence based on his prior felony convictions. As a prior offender, Argo was subject to a sentence of up to 30 years imprisonment without regard to the quantity of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(C). Because the district court sentenced Argo to less than 360 months, *Apprendi* is not implicated.

Finally, Argo contends that his term of supervised release could not exceed three years under 18 U.S.C. § 3583(b)(2). This provision states "[e]xcept as otherwise provided, the authorized terms of supervised release are ... for a Class C or Class D felony, not more than three years." 18 U.S.C. § 3583(b). However, 21 U.S.C. § 841, the drug statute under which Argo was convicted, mandates "a term of supervised release of at least 6 years" for a defendant such as Argo who had a prior felony drug conviction at the time of the offense. 21 U.S.C. § 841(b)(1)(C). Because 18 U.S.C. § 3583(b) presumptively limits the term of supervised release to a maximum of three years, while § 841(b)(1)(C) mandates a minimum term of at least six years, Argo contends that the only term of supervised release authorized for his conviction was three years.

Argo's contention was squarely addressed and rejected by this Court in *United States v. Page*, where we held that "Congress intended to enhance the penalties available to combat drug offenses in enacting the specific supervised release provisions of section 841(b), and these specific provisions are excluded from the limits on supervised release provided for in section 3583(b)." 131 F.3d 1173, 1180 (6th Cir.1997). Accordingly, we must reject Argo's contention that the maximum term of supervised release is three years.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the Honorable Judge Curtis L. Collier of the United States District Court for the Eastern District of Tennessee.

