UNITED STATES of America,
Plaintiff–Appellee,

v.

Darryl A. ABBINGTON, Defendant–Appellant.

No. 97–3940.

United States Court of Appeals,
Sixth Circuit.

Submitted April 23, 1998.

Decided May 29, 1998.

Gary L. Spartis (briefed), Office of the U.S. Attorney, Columbus, OH, for Appellee.

Gordon Hobson (briefed), Federal Public Defender's Office, Columbus, OH, for Appellant.

Before: SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

## OPINION

SUHRHEINRICH, Circuit Judge.

While serving a period of supervised release following imprisonment on a federal cocaine conviction, Defendant Darryl Abbington violated the terms of his release and was sentenced to serve additional periods of imprisonment and supervised release. In this appeal, which follows the resentencing, Defendant raises two issues. He contends that the imposition of an additional period of supervised release is prohibited, because it was imposed pursuant to a statute enacted after his original sentencing. He also challenges the district court's determination of the maximum term of supervised release authorized for his cocaine conviction. However, this court has recently addressed both issues raised by Defendant and has rejected the same arguments Defendant now makes. Therefore, we **AFFIRM** Defendant's sentence.

## I. Background

On February 6, 1992, Defendant Darryl Abbington pled guilty in United States District Court for the Southern District of Ohio to one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In August of the same year, Defendant was sentenced to three years in prison for this Class C felony, to be followed by four years of supervised release. Defendant began serving his term of supervised release on February 22, 1994.

While on supervised release, Defendant was arrested by the Columbus, Ohio police department for trafficking in marijuana, and was later convicted in state court on that charge. Following the arrest, Defendant's probation officer filed a petition seeking revocation of Defendant's supervised release, based on the drug charge and Abbington's association with individuals involved in criminal activity. On July 30, 1997, the federal district court conducted a revocation hearing, at which Defendant admitted to violating the terms of his release. At the conclusion of the hearing, the court revoked Defendant's supervised release and sentenced him to a year and one day of imprisonment, to be followed by two years of additional supervised release.

On appeal, Defendant contends that the imposition of a second term of supervised release, pursuant to 18 U.S.C. § 3583(h), violates the Ex Post Facto Clause of the United States Constitution, because his initial sentencing in 1992 preceded the enactment of § 3583(h). Defendant also argues in this appeal that the maximum period of supervised release authorized for his cocaine conviction is three years, one year less than the supervised release term imposed in 1992. This second argument implicates an issue of

statutory construction involving the interaction between 18 U.S.C. § 3583(b) and 21 U.S.C. § 841(b)(1)(C).

## II. Ex Post Facto Clause

On September 13, 1994, Congress enacted 18 U.S.C. § 3583(h), which provides, in part:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.

Prior to the enactment of § 3583(h), only § 3583(e)(3) dealt with the revocation of a term of supervised release, but subsection (e)(3) is silent on the issue of whether a second term of supervised release can be imposed following reincarceration. In *United States v. Truss*, 4 F.3d 437 (6th Cir.1993), *superseded by* 18 U.S.C. § 3583(h), we interpreted that silence to mean that "no additional term of supervised release is permitted," *id.* at 439, thus adopting the position of the majority of circuits that had ruled on the issue.

▮▮▮ Defendant argues that his sentencing to a second term of supervised release violates the Ex Post Facto Clause of the Unites States Constitution, because, at the time of his original sentencing in 1992, § 3583(h) had not yet been enacted, and our

decision in *Truss* prohibited a second term of supervised release. "To fall within the ex post facto prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir.1995), *cert. denied*, 518 U.S. 1007, 116 S.Ct. 2529, 135 L.Ed.2d 1053 (1996). The second criterion appears to be met in this case. The more difficult question is whether the first criterion is met, given that § 3583(h) was enacted after Defendant's original sentencing, but before his violation of supervised release. Although there is a circuit split on this question, we recently decided the issue, holding that:

[S]ection 3583(h) does not alter the punishment for defendants' original offenses; section 3583(h) instead imposes punishment for defendants' new offenses for violating the conditions of their supervised release—offenses they committed after section 3583(h) was passed. Therefore, the application of section 3583(h) to them does not violate the Ex Post Facto Clause.

*United States v. Page*, 131 F.3d 1173, 1176 (6th Cir.1997), *petition for cert. filed*, (U.S. Mar. 23, 1998) (No. 97–8416). In light of *Page*, we must reject Defendant's contention that the imposition of a second term of supervised release violates the Ex Post Facto Clause.[1]

---

1. In *Page*, we commented in dicta that § 3583(h) "explicitly states that the *remainder* of the original term of supervised release may be reinstated after imprisonment for violating the conditions of supervised release." *Page*, 131 F.3d at 1174 (emphasis added). Under this interpretation of § 3583(h), Defendant's second term of supervised release could not extend past February 22, 1998, "the expiration date of defendant's original term of supervised release." *Id.* at 1175 (quoting the unpublished order of the district court). Since Defendant will not be released from prison until after that date, the ex post facto issue is moot under this interpretation. However, this interpretation is incorrect. The length of an additional term of supervised release under § 3583(h) depends not on the actual length of the original term of supervised release, but instead on the maximum length authorized by statute. Specifically, § 3583(h) provides that the length of an additional "term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in

the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." The legislative history provides the following example:

[I]n the case of a Class C felony for which the maximum supervised release term is three years, a defendant who is revoked and reimprisoned for 18 months could be ordered to serve as much as 18 additional months on supervised release (36–month maximum term of supervised release minus 18 months imprisonment equals 18 months possible re-release supervision).

137 Cong. Rec. S7769–01, S7772. Under the correct interpretation of § 3583(h), Defendant can be required to serve an additional period of supervised release following his release from prison, and therefore, the ex post facto issue is not moot. Defendant notes the incorrect interpretation of § 3583(h) in *Page*, but concedes that, because it is dicta, it does not affect the instant case.

### III. Maximum Permissible Length of Supervised Release

█ Defendant contends that the maximum period of supervised release authorized for his cocaine conviction is three years, one year less than the four-year term of supervised release imposed at his initial sentencing in 1992. This contention hinges on the interplay between two statutes which address the length of supervised release. One of the statutes applies to all felonies and misdemeanors for which a prison term is imposed and states that "[e]xcept as otherwise provided, the authorized terms of supervised release are ... for a Class C or Class D felony, *not more than* three years." 18 U.S.C. § 3583(b) (emphasis added). However, 21 U.S.C. § 841, the drug statute under which Defendant was convicted, authorizes "a term of supervised release of *at least* 3 years" for a defendant such as Abbington who had no prior felony drug convictions at the time of the offense. 21 U.S.C. § 841(b)(1)(C) (emphasis added).

Because § 3583(b) presumptively limits the term of supervised release to a maximum of three years, while § 841(b)(1)(C) mandates a minimum term of at least three years, Defendant argues that the only term of supervised release authorized for his cocaine conviction was three years. The Government, on the other hand, points to the "[e]xcept as otherwise provided" language in § 3583(b) and maintains that this section has no relevance when § 841(b)(1)(C) is applicable. Thus, the Government argues, the only restriction on the length of supervised release for Defendant's cocaine conviction is that it be at least three years.

Like Defendant's ex post facto argument, his contention concerning the maximum term of supervised release was squarely addressed and rejected in *United States v. Page*, 131 F.3d 1173 (6th Cir.1997). Once again facing a circuit split, we held in *Page* that:

> Congress intended to enhance the penalties available to combat drug offenses in enacting the specific supervised release provisions of section 841(b), and these specific provisions are excluded from the limits on supervised release provided for in section 3583(b). Congress' intent that section 3583(b) does not apply to the provisions of section 841(b) is evidenced by the

words, "Except as otherwise provided" at the beginning of section 3583(b).... [T]he words "at least" in section 841(b)(1)(C) indicate that a term of supervised release greater than three-years may be imposed; otherwise, the words "at least" have no meaning.

*Page*, 131 F.3d at 1180. Thus, Defendant's argument that the maximum term of supervised release is three years cannot succeed here.

### IV. Conclusion

In light of *Page*, we must reject Defendant's ex post facto challenge to his additional term of supervised release, as well as his contention that the maximum term of supervised release for his cocaine conviction is three years. Therefore, we **AFFIRM** the sentence imposed on Defendant at his original sentencing in 1992 and at his resentencing in 1997.