**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Venton Dale TALLEY, Defendant– Appellant.**

No. 99–2479.

United States Court of Appeals, Sixth Circuit.

July 12, 2001.

Before JONES and SILER, Circuit Judges; MCKEAGUE,* District Judge.

PER CURIAM.

Defendant Venton Dale Talley appeals the sentence imposed on his conviction un-

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

der 21 U.S.C. §§ 841(a)(1) and 846. This court previously affirmed his conviction but remanded for resentencing because the district court improperly enhanced his sentence under USSG § 3B1.1(c). *See United States v. Talley*, 188 F.3d 510, 1999 WL 685938 (6th Cir. August 24, 1999). Talley now appeals from the subsequent 1999 judgment. He has also raised issues in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was decided while this case was on the second appeal. For the reasons stated hereafter, we AFFIRM.

## I. BACKGROUND

The facts of this case were set out in this court's previous opinion, *see Talley*, 1999 WL 685938 at \*1–\*3, and will not be restated here.

The counts of Talley's indictment referred to "various quantities of cocaine base (crack cocaine)" or "a quantity of cocaine base (crack cocaine)," but did not charge specific quantities. There is no indication that the jury made a finding about the quantity of crack involved.

Although Talley objected to the quantity of crack attributed to him at resentencing, the district court did not address the issue (most likely due to the narrow remand), and presumably relied upon its former sentencing finding of quantity to sentence Talley.

While the district court did not specifically state the provisions upon which the sentence for each count was based during resentencing, its statements about the maximum sentence for Count 2 (20 years) and the greater sentencing ranges for the other counts indicate that it was aware of the sentencing ranges involved.

Talley has consistently maintained that the amount of crack attributed to him was erroneous, first attacking the reliability of witness testimony used by the district court to find quantity, and now challenging the quantity under *Apprendi*.

## II. DISCUSSION

### A. Standard of Review

Since this case was on direct appeal when *Apprendi* was decided, Talley is entitled to the have his claims reviewed in light of its holding. *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). "A defendant's challenge to his sentence on constitutional grounds presents a question of law over which this court should exercise *de novo* review." *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir.1993).

### B. Sentencing

In *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001), this court examined the effect of *Apprendi* and *United States v. Flowal*, 234 F.3d 932 (6th Cir.2000), on sentences imposed under § 841(b)(1)(A) and § 841(b)(1)(B), which provide penalties that are based upon a minimum quantity of drugs, for § 841(a)(1) convictions that lack a charge or an attempt to prove to the jury possession of a specific quantity of drugs. This is essentially the same issue raised by Talley.

Ramirez was convicted under § 841(a)(1). His indictment did not specify "the amount of cocaine involved or any other facts regarding the drug crime." *Ramirez*, 242 F.3d at 350. He was found guilty and sentenced to a twenty-year mandatory minimum pursuant to § 841(b)(1)(A) based upon the district court's finding that the crime involved a quantity of cocaine greater than five kilograms and that he had prior drug convictions. *See id.* The district court characterized his sentence as "harsh," and stated that it would have departed downward but

could not because of the mandatory minimum sentence of § 841(b)(1)(A). *See id.*

After deciding that the reasoning in *Apprendi*, as explained in *Flowal*, was applicable, the *Ramirez* court concluded its opinion by stating that

> when a defendant is found guilty of violating 21 U.S.C. § 841(a)(1), he must be sentenced under 21 U.S.C. § 841(b)(1)(C) unless the jury has found beyond a reasonable doubt that the defendant possessed the minimum amounts required by § 841(b)(1)(A) and § 841(b)(1)(B). Because in this case the government did not charge or attempt to prove to the jury the quantity of drugs that would permit a mandatory sentence, we remand this case to the District Court with instructions to sentence the defendant under 21 U.S.C. § 841(b)(1)(C) and in accordance with the U.S. Sentencing Guidelines.

*Id.* at 351–52.

■ Talley was convicted under § 841(a)(1) and sentenced on the respective counts under §§ 841(b)(1)(A), 841(b)(1)(B) and 841(b)(1)(C). The maximum sentence under § 841(b)(1)(C) is twenty years and is not dependent upon the quantity of drugs involved. Talley's indictment did not charge a quantity of drugs and the jury did not find "beyond a reasonable doubt that the defendant possessed the minimum amounts required by § 841(b)(1)(A) and § 841(b)(1)(B)." *Id.* However, although it appears that in sentencing Talley, the district court committed, in a general sense, the same error identified in *Ramirez*, the specific facts of his sentencing are distinguishable and, thus, remand for resentencing is unnecessary.

Unlike *Ramirez*, the district court in this case did not indicate that it would have entered a lesser sentence but for the mandatory minimum sentences of §§ 841(b)(1)(A) and 841(b)(1)(B). In fact, at resentencing the court stated it was inclined at first to resentence him to his prior sentence of 292 months.

Talley received the maximum twenty-year sentence under § 841(b)(1)(C) on one count, and concurrent twenty-year sentences on the other counts under §§ 841(b)(1)(A) and 841(b)(1)(B). Thus, remanding this case to resentence Talley under § 841(b)(1)(C) serves no useful purpose.

Judge Cleland also imposed five years of supervised release. This length of supervised released may be imposed under § 841(b)(1)(C). *See United States v. Abbington*, 144 F.3d 1003 (6th Cir.1998). Thus, remand is also unnecessary to alter the length of Talley's supervised release.

### C. Constitutionality of 21 U.S.C. § 841

■ Talley argues that § 841 is unconstitutional on its face in light of *Apprendi* because Congress intended that the penalty provisions in § 841(b) be sentencing factors instead of elements.

In *United States v. Rebmann*, 226 F.3d 521 (6th Cir.2000), this court stated:

> The [*Apprendi*] Court rested [its] ruling on the historical absence of a distinction between "elements" and "sentencing factors,"[and not Congressional intent,] noting that at the time of our country's founding all facts and circumstances which constituted an offense were included in the indictment and proven before a jury.

*Id.* (citation omitted).

The Seventh Circuit's rejection of a facial constitutional challenge to § 841 in *United States v. Brough*, 243 F.3d 1078 (7th Cir.2001), is consistent with *Rebmann* and illustrates this simpler approach.

If Congress had specified that only judges may make the findings required by § 841(b), or that these findings must be made by a preponderance of the evidence, then § 841 would create a constitutional problem. But the statute does not say who makes the findings or which party bears what burden of persuasion. Instead the law attaches effects to facts, leaving it to the judiciary to sort out who determines the facts, under what burden. It makes no constitutional difference whether a single subsection covers both elements and penalties, whether these are divided across multiple subsections (as § 841 does), or even whether they are scattered across multiple statutes (*see* 18 U.S.C. §§ 924(a), 1963). *Apprendi* holds that the due process clauses of the fifth and fourteenth amendments make the jury the right decisionmaker (unless the defendant elects a bench trial), and the reasonable-doubt standard the proper burden, when a fact raises the maximum lawful punishment. How statutes are drafted, or implemented, to fulfil that requirement is a subject to which the Constitution does not speak.

*Id.* at 1079.

Thus, Talley's constitutional challenge to § 841 is without merit.

AFFIRMED.