**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard L. PINKLEY, Defendant–**
**Appellant.**

No. 00–6138.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Before BOGGS and GILMAN, Circuit Judges; QUIST, District Judge.*

### ORDER

Richard L. Pinkley, a federal prisoner proceeding pro se, appeals his conviction and sentence imposed following his guilty plea to various drug offenses. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pinkley was charged in a superseding indictment with various drug offenses in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 26, 2000, Pinkley pleaded guilty to all counts charged except for count 19, attempt to manufacture amphetamine. The district court sentenced him on August 8, 2000, to 156 months in prison and five years of supervised release. The district court accepted the factual findings and guidelines applications as set forth by the probation department in Pinkley's presentence investigation report, except that the court declined to apply a four-level enhancement for a supervisory role in the offense.

On appeal, Pinkley argues that: (1) his sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court failed to determine the schedule of methamphetamine involved in his offense; (2) the district court lacked jurisdiction to sentence him because he was not charged with a violation of 21 U.S.C. § 841(b); and (3) counsel rendered ineffective assistance by not raising these issues.

Upon review, we affirm the district court's judgment. "When a defendant fails to object to an error at sentencing, he forfeits his right to raise that error on appeal." *United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). However, this court may review a plain error affecting a defendant's substantial rights even when no objection was made at trial. *United States v. Baird*, 134 F.3d 1276, 1282 (6th Cir.1998).

The only objection raised by Pinkley at sentencing was to the four-level enhancement for supervisory role; this objection was sustained by the district court. Pinkley did not even object to the amount of drugs attributed to him for sentencing purposes; in fact, he concedes that his plea agreement stated that his sentence would be calculated based upon more than 1.5 but less than 5 kilograms of methamphetamine. Instead, he now argues that the district court committed plain error by not determining the *schedule* under which the methamphetamine is properly listed, claiming that his sentence was illegally enhanced under the rule of *Apprendi*. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348.

This issue has been forfeited for failure to raise it at sentencing and does not warrant relief as plain error. This court previously addressed this very argu-

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

ment in *United States v. Schrock,* 855 F.2d 327 (6th Cir.1988). Like Pinkley, Schrock argued that he was improperly indicted, convicted, and sentenced for a Schedule II controlled substance when trial testimony suggested that the methamphetamine involved in his offense was the noninjectable form listed in 21 U.S.C. § 812 under Schedule III. In rejecting Schrock's argument, this court noted that

> Congress expressly provided that its initial designation of the schedules would remain in effect "unless and until amended pursuant to section 811 of this title." [21 U.S.C.] § 812(c). Under section 811, Congress vested the Attorney General with the authority to add drugs to, remove drugs from, or transfer drugs between the five schedules. The Attorney General may thus alter the statutory schedules. . . .
>
> Pursuant to the authority granted by Congress in section 811, and in conformity with the procedural requirements, the Attorney General in 1974 redesignated noninjectable methamphetamine as a Schedule II controlled substance. . . .

*Schrock,* 855 F.2d at 331–32; *see also* 21 C.F.R. § 1308.12(d)(2).

■ Therefore, Pinkley was properly charged, convicted, and sentenced for a Schedule II controlled substance and his first issue does not constitute plain error.

■ Pinkley next asserts that the district court lacked jurisdiction to impose any penalty upon his conviction because he was charged with violating only §§ 841(a)(1) and 846, not with violating § 841(b). This argument is patently meritless. Subsection 841(b) does not state a substantive offense, but simply establishes the penalties to be imposed upon conviction for a substantive offense. Thus, once the court properly exercised its jurisdiction to convict Pinkley of offenses under §§ 841(a)(1) and 846, it properly sentenced him according to statute. Pinkley's reliance upon the recent decision in *United States v. Buckland,* 259 F.3d 1157 (9th Cir.2001), that § 841(b)(1)(A) and (B) is unconstitutional is unavailing. This court has rejected the same facial constitutional challenge to § 841(b) presented in *Buckland. United States v. Talley,* 15 Fed. Appx. 215, 218 (6th Cir.2001) (unpublished table decision) (holding that § 841(b) is facially constitutional because Congress did not specify "that only judges may make the findings required by § 841(b), or that those findings must be made by a preponderance of the evidence . . .") (internal quotation marks omitted).

■ Finally, Pinkley argues that trial counsel rendered ineffective assistance. Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal because the record is inadequate to permit review; therefore, it is more properly brought in a motion to vacate under 28 U.S.C. § 2255. *United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). We decline to depart from the general rule in this instance.

We have reviewed the record and have discovered no colorable issues for appeal. Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.