**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Teresa DAVIS, Defendant–Appellant.**

No. 04–3121.

United States Court of Appeals,
Sixth Circuit.

July 28, 2004.

Robyn Jones Hahnert, Columbus, OH, for Plaintiff–Appellee.

Steven S. Nolder, Columbus, OH, for Defendant–Appellant.

Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

Teresa Davis, represented by counsel, appeals from a district court judgment revoking her supervised release. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Davis was sentenced to fifteen months of imprisonment and three years of supervised release following her guilty plea to conspiring to launder money in violation of 18 U.S.C. § 1956(h). The record does not reflect that she appealed her conviction or sentence. In June 2000, Davis commenced her first term of supervised release. In September 2002, the court determined that she had violated the conditions of her supervised release, and ordered her to serve two months of imprisonment, complete four months in a halfway house, and complete a new one-year term of supervised release.

In January 2003, Davis began her second term of supervised release. In December 2003, the probation office issued a supervised release violation report (SRVR), alleging the following Grade C violations of her supervised release: 1) Davis had violated state law on October 12, 2003; 2) Davis failed to notify her probation officer of her arrest for a violation of state law; and 3) Davis associated with individuals who were engaged in criminal activity on October 12, 2003. During a supervised release violation hearing, Davis admitted to committing the second violation, but she denied committing the other two violations. However, upon review of the evidence presented, the district court concluded that she had committed the remaining supervised release violations. The district court revoked Davis's supervised release and sentenced her to ten months of imprisonment plus ten months of supervised release.

On appeal, Davis's counsel filed a motion to withdraw his representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether the district court properly revoked Davis's supervised release; 2) whether the district court properly sentenced Davis; and 3) whether the district court properly imposed a new term of supervised release. Davis has not responded to counsel's motion.

■ Upon review, we conclude that the district court properly revoked Davis's supervised release. This court reviews a district court's action regarding supervised release for an abuse of discretion. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000). In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of supervised release. *Id.*

The record reflects that the district court properly revoked Davis's supervised release. During the revocation hearing, Davis acknowledged that she had received a copy of the SRVR and that she had read it. The SRVR clearly advised Davis of the nature of the alleged violations, and Davis readily admitted that she had failed to notify her probation officer of her arrest. Furthermore, the government presented a loss prevention agent (Scott Werkhoven) employed at Kauffman's department store, who testified that he observed Davis and another woman (later identified as Veronica Markham) collect numerous items of clothing (worth approximately $567) and leave them at a "pre-selected" clothing rack near a door. He then watched as they left the store, and observed a green Ford pull into view. Shortly thereafter, he observed the same green Ford pull away

with three people inside the car. He testified that he went to determine which items had been selected and waited in an area near the selected merchandise. Shortly thereafter, he observed a male (later identified as Ricky Harrison) enter the store, pick up the clothes selected and arranged by the two women he had observed earlier, and exit the store without paying for the items. Werkhoven testified that he tried to apprehend the male as he attempted to enter the same green Ford that Werkhoven had seen earlier and that the driver of the car was the woman he had observed selecting clothes with Davis. He also stated that he had been able to pull some of the merchandise from the male and that it was the same merchandise that Davis and the other woman had selected. Werkhoven also consistently relayed these same facts while a videotape from Kaufmann's surveillance system was played for the court. Upon review, the district court noted that Davis and the other two individuals were clearly identifiable on the tape. Based on this evidence, the district court properly concluded that the preponderance of the evidence established that Davis had violated the terms of her supervised release by participating in a theft offense and by associating with individuals who were engaged in criminal activity.

■ The district court also properly sentenced Davis. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). The policy statements contained in Chapter Seven of the Sentencing Guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *Id.* The factors set forth in § 3553 include: 1) the nature of the offense; 2) the need for deterrence and to protect the public; 3) the desire to provide the defendant with needed training, medical care, or other treatment; 4) any established sentencing range; and 5) the avoidance of unwarranted disparities. *Id.* at 309–10.

Here, the district court clearly considered the relevant factors. The court considered the nature of Davis's current violations and that she has repeatedly violated her supervised release by committing further crimes. The court also considered the established sentencing range. Moreover, the court considered the need to protect the public from further crimes committed by Davis.

■ Finally, the district court was authorized to reimpose a period of supervised release. Such a sentence is expressly permitted by 18 U.S.C. § 3583(h). *See United States v. Abbington*, 144 F.3d 1003, 1005 (6th Cir.1998). Davis's original term of supervised release was three years. Her first supervised release violation resulted in a two-month term of imprisonment. The district court's sentence for the current supervised release violation included a new ten-month term of imprisonment and ten months of supervised release. The new ten-month term of supervised release is lawful under § 3583(h), which provides that the length of an additional term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in

the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *See id.* at 1005 n. 1. Hence, the district court did not err when it imposed a new ten-month term of supervised release.

Additionally, we have reviewed the record in this case and discovered no error warranting reversal of Davis's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.