United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-21081
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

PABLO RODRIGUEZ, JR.

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The United States Supreme Court granted Defendant-Appellant Pablo Rodriguez, Jr.'s

petition for writ of certiorari, vacated the previous judgment of this Court, and remanded the case

to this Court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). *See*

*Rodriguez v. United States*, 125 S. Ct. 1410 (2005).

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

PROCEDURAL HISTORY

Pablo Rodriguez, Jr. pled guilty to aiding and abetting the possession with intent to distribute100 kilograms or more of marijuana, in contravention of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii), and 18 U.S.C. § 2. The district court sentenced him to a term of 70 months and ordered that the Bureau of Prisons ("BOP") pay 75% of Rodriguez's prison wages to the mother of his children. During his initial appeal he challenged: (1) the BOP order as impermissible under 21 U.S.C. § 841, because the garnishment of his wages exceeded the statutory maximum sentence authorized by § 841; (2) that 21 U.S.C. § 841(a) and (b) were constitutionally infirm; and (3) that his sentence was not cognizable under *Blakely v. Washington*, 542 U.S. 296 (2004).

As to his sentence of imprisonment, we found his contentions to be unavailing. Finding no § 841 authority for garnishment to be part of this sentence, however, we modified the judgment to vacate the BOP order and, as modified, affirmed the judgment. *See United States v. Rodriguez*, 112 Fed. Appx. 335 (5th Cir. 2004). Rodriguez petitioned the Supreme Court for certiorari. His petition was granted and the case was remanded for our consideration of his sentence in light of *Booker*.

CONSIDERATION OF RODRIGUEZ'S SENTENCE IN LIGHT OF *BOOKER*

Pursuant to our instructions, the parties filed supplemental briefs which discuss the import of *Booker* as it pertains to the imposed sentence and any entitlement Rodriguez may have to be resentenced. Rodriguez now argues that he should be sentenced anew because his sentence was enhanced based on facts that were not proven to a jury beyond a reasonable doubt, as well as because he was sentenced under federal Sentencing Guidelines that were presumed to be mandatory. He is fully cognizant however that because neither of his averments were raised before the district court, his claims will be reviewed by this Court for plain error, a determination which involves four related

2

prongs: (1) an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *cert. denied*, *Mares v. United States*, 126 S. Ct. 43 (2005). If the foregoing elements are satisfied, a reviewing court may use its discretion to find plain error only if: (4) the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *Id*.

We will concede that Rodriguez has established the initial two prongs under the plain error analysis. Nevertheless, we have been directed to nothing in the record which indicates that Rodriguez's substantial rights were affected. Specifically, the record does not evidence a reasonable likelihood that the sentencing judge would have imposed a lesser sentence if the judge had understood the Guidelines to be advisory. On this record, Rodriguez has not demonstrated plain error and his sentence of imprisonment must be affirmed.[1]

### WAGES SANCTION

The district court ordered that the Bureau of Prisons ("BOP") pay 75% of Rodriguez's prison wages to the mother of his children. Although Rodriguez did not object to the district court's order, we review de novo whether the sentence exceeds the statutory maximum term. *See United States v. Ferguson*, 369 F.3d 847, 849 (5th Cir. 2004) ("[W]e review de novo a sentence that allegedly exceeds the statutory maximum term." (citation omitted)). The district court's order to the BOP must be vacated because it was not authorized by 21 U.S.C. § 841. *See and compare United States v.*

---

[1] Rodriguez further argues that because his sentence was imposed under a Sentencing Guidelines regime that was understood to be mandatory, this constitutes a "structural" error that necessitates resentencing. He recognizes of course that this argument is foreclosed by this court's decision in *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005), *cert. denied*, *Martinez-Lugo v. United States*, 126 S. Ct. 464 (2005). Finally, we reject Rodriguez's suggestion that *Booker*'s remedial opinion retroactively violates the Ex Post Facto Clause, as a similar argument has already denied by this court. *See United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir. 2005).

3

*Chandler*, 125 F.3d 892, 898 (5th Cir. 1997) (finding "no authority for such a sanction under § 841(a)(1)"). Accordingly, the district court's judgment is MODIFIED to strike the order that requires the BOP to send 75% of Rodriguez's prison earnings to the mother of his children. The district court's judgment is AFFIRMED AS MODIFIED.